WIGGINTON, Judge.
Appellants were each charged in separate informations with the offenses of possessing burglary tools and attempted breaking and entering of an automobile. Each was convicted of the offenses charged, adjudged guilty, and sentenced to a term of imprisonment.
The informations charging appellants with the possession of burglary tools were brought pursuant to the provisions of F.S. Section 810.06, F.S.A., which is as follows:
“Whoever * * * knowingly has in his possession any * * * tool or implement adapted and designed for * * * forcing or breaking open any building, vault, safe or other depository, in order to steal therefrom money or other property, or to commit any other crime, knowing the same to be adapted and designed for the purpose aforesaid, with intent to use or employ or allow the same to be used or employed for such purpose, shall be punished * *
The evidence reveals that appellants stopped their automobile at a parking area near the beach in Walton County next to another parked automobile. Appellant Greene walked to the top of a sand dune and commenced scanning the beach with binoculars. Appellant Richburg walked to the rear of the other parked automobile, took something out of his pocket which he inserted in the trunk lock and commenced to manipulate it. When another automobile arrived on the scene Richburg joined Greene on the beach but returned to the parked vehicle and again commenced manipulating the lock on the trunk. When yet another vehicle approached and parked nearby, both appellants returned to their vehicle and drove off down the beach road where they stopped at another parking area and commenced looking into an automobile parked there. When the officers drove into the parking area, appellants reentered their vehicle and drove a short way down the road where they were stopped by the officers and placed under arrest.
It is appellant’s position that the fingernail knife found in their possession was not shown to have been designed for forcing or breaking open any building, vault, safe or other depository as specified in the statute for the violation of which they are charged. Stated differently, appellants urge that an automobile trunk cannot be construed to be a “building, vault, safe or other depository”, and the tool or implement which they are charged with using for the purpose of breaking into the automobile trunk is not the kind of tool characterized as burglarious within the meaning and intent of the statute. To support their position appellants point out that the statute in question was adopted by the Legislature of Florida in 1868,[1] whereas the statute making it a criminal offense to break and enter an automobile or motor vehicle was not passed until 1943.[2] Appellants therefore reason that an automobile does not fall within the category of a building, vault, safe or other depository as specified in F.S. Section 810.06, F.S.A., and therefore possession of the tool which *48 was being used by them to break and enter the trunk of the automobile is not proscribed by the section of the statute under which they are charged.
Our research fails to disclose any decision by an appellate court of this state passing directly upon the point raised by appellants. We are of the view that the mere fact that the statute under which appellants were charged was adopted before automobiles were invented does not necessarily mean that it does not include within its prohibition the trunk of an automobile if such part of the vehicle can be held to be a “depository” within the meaning of the statute. This precise question was presented to and passed upon by the Massachusetts Supreme Judicial Court in the case of Commonwealth v. Tilley.[3] In that case the court held that an automobile trunk attached or built into the rear of the body of an automobile is a “depository” within the meaning of a criminal statute forbidding the possession of tools and implements adapted and designed for forcing and breaking open “depositories”, knowing that they are adapted and designed for such purpose, and with the intent of so utilizing them, even though automobiles were not in use at the time of the enactment of the statute.[4] The fact that locks are almost invariably placed in trunks of motor vehicles conclusively establishes that they are intended to serve as depositories for valuable items of property secure from easy access by thieves or trespassers. We are of the view that the principle propounded by the Supreme Judicial Court of Massachusetts is sound and should be adopted as the law of this state.
Appellants question the sufficiency of the evidence to sustain the verdict of guilt rendered by the jury. This was essentially a jury question, and we find competent evidence to support the result. We have carefully considered the remaining points urged by appellants but find that they either waived their right to challenge the action of the trial court by having failed to make timely objection during the trial, or the position taken by them does not merit reversal. The judgments appealed are accordingly affirmed.
CARROLL, DONALD K., Acting C. J., and SPECTOR, J., concur.

. Ch. 1637, Laws of Florida, Acts of 1868.

. Ch. 22004, Laws of Florida, Acts of 1943.

. Commonwealth v. Tilley, (Mass.Sup.Jud.Ct.1940) 306 Mass. 412, 28 N.E.2d 245, 129 A.L.R. 381.

. See cases cited 129 A.L.R. 387 et seq.